IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BLASI, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 14-1354 |
| | : | |
| BOROUGH OF PEN ARGYL, et al., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                  July 23, 2015

    William Blasi filed this action *pro se* against the Borough of Pen Argyl and its police department alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mr. Blasi has not responded to this motion, and the time to respond has expired. For the following reasons, I will grant the motion in its entirety, and dismiss this action as time-barred.

**I.   BACKGROUND[1]**

    On April 18, 2011, Pen Argyl Police Officer Jonathon Hoadley and some of Mr. Blasi's neighbors were looking into Mr. Blasi's backyard from an adjacent property in order to view Mr. Blasi's two dogs. See Compl. ¶ 7. On the following day, Officer Hoadley and an animal control officer from the Borough went to Mr. Blasi's Pen Argyl

---

[1] The facts are gleaned from the complaint and any extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.

address and demanded access to the dogs.  Id.  The complaint alleges that between April 19, 2011 and March 5, 2014, Mr. Blasi put his dogs outside in his fenced-in backyard every day for hours, weather permitting.  Id. at ¶ 10.

On April 25, 2011, Officer Hoadley filed a "non-traffic complaint" against Mr. Blasi alleging animal cruelty.  Id. at ¶ 5.  The alleged basis for this charge was that Mr. Blasi had failed to take one of his dogs to the veterinarian.  Id. at ¶ 9.  Though not specifically indicated in the complaint, it can be inferred that one of the dogs was favoring a paw.  Id. at ¶ 10.

Mr. Blasi was tried before a Magisterial Judge on August 22, 2011 and November 9, 2011.  Id. at ¶ 8.  By then, the dog's condition had already improved.  At the trial, Officer Hoadley and two of Mr. Blasi's neighbors testified against Mr. Blasi.  For an unknown reason, the complaint indicates that all those present at trial were Caucasian.  Id.  On November 9, 2011, the Magisterial Judge found Mr. Blasi guilty of the charge of animal cruelty.  He was fined $194.50 which he paid by December 8, 2011.

On December 8, 2011, Mr. Blasi paid a $45.00 fee for a summary appeal to have his "conviction nullified."  Id. at ¶ 13.  In preparation for the February 29, 2012 hearing on the appeal, Mr. Blasi obtained costly transcripts of the trial for the convenience of the court and the District Attorney's office.  Id. at ¶ 14.  On March 5, 2012, the judge found Mr. Blasi not guilty on appeal.  Id. ¶ 16.

The complaint further alleges that the Blasi family has been harassed by neighbors because of its mixed race.  Mr. Blasi is Caucasian, his wife is "ethnic Chinese," and their six children are "mixed race white/ethnic Chinese."  Id. at ¶ 17.  The "white neighbors"

have allegedly called the police many times to report "unfounded alleged child abuse and neglect" at the Blasi home.  Id. at ¶¶ 19-20.  In fact, Mr. Blasi alleges that the animal cruelty charge was prosecuted because of his mixed race family or because of retaliation for his repeated threats of filing civil rights charges against the Borough and its police department.  Id. at ¶¶ 21-22A.

Mr. Blasi claims to have suffered emotional stress and duress due to the animal cruelty proceedings.  Id. at ¶ 23A.  Because of this conviction on his record,[2] his job prospects have been diminished.  Id.  Accordingly, he seeks an award of compensatory damages in the amount of $300,000 with costs of $750 for the transcripts and $244 for other related fees.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

---

[2]  I am aware of the inconsistency in the complaint where Mr. Blasi complains of the conviction on his record impairing his job prospects, yet also indicates that the conviction was reversed on appeal.

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). A complaint, however, "must satisfy . . . the simple requirements of Rule 8(a)." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). Following the Supreme Court's decision in Twombly, Rule 8(a) now requires that the facts in a complaint plausibly suggest that the pleader is entitled to relief. Accordingly, to state a claim, a plaintiff must state enough factual matter, taken as true, to suggest the required element, which does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Moreover, courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Thus, a plaintiff's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. DISCUSSION

In his complaint, Mr. Blasi alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, and pursuant to 42 U.S.C. § 1981. Under Title VII, "it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.S. § 2000e-2(a)(1). Section 1981 similarly protects "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," including an employment contract. See 42 U.S.C. § 1981. Title VII and Section 1981, therefore, do not provide relief for general unpleasantness that can occur in the workplace, even if that unpleasantness may be motivated by racial animus. Barnes v. Nationwide Mutual Insurance Company, et al., 598 F.App'x 86, 90 (3d Cir. 2015). Rather, those statutes provide relief only if discrimination is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004).

To establish a *prima facie* case for employment discrimination under either Title VII or Section 1981, a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the position he sought to attain or retain, (3) he suffered an adverse employment action, and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 169 (3d Cir. 2013); see also Brown v. J. KAZ, Inc., 581 F.3d 175,

181-82 (3d Cir. 2009) (holding the substantive elements of a claim under Section 1981 are generally identical to the elements of an employment discrimination claim under Title VII).

This complaint fails to satisfy any of the elements for a *prima facie* case under either of the relevant statutes here. It neither alleges facts regarding Mr. Blasi's employment, nor alleges that he suffered any form of employment discrimination. In fact, there is no mention of any employment relationship between Mr. Blasi and the Borough or its police department.

Nevertheless, I must construe this complaint liberally because of the plaintiff's *pro se* status. In doing so, it is apparent that Mr. Blasi is not pleading an action for employment discrimination, but possibly a civil rights action for racial discrimination and/or retaliation pursuant to 42 U.S.C. § 1983. He seems to allege that a police officer of Defendant Borough issued a citation for animal cruelty against him solely due to the mixed race of Mr. Blasi's family. Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his constitutional rights. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). Therefore, in order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Initially, I note that Mr. Blasi names the Pen Argyl Police Department as a defendant along with the Borough of Pen Argyl. However, in Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity. Padilla v. Twp. of Cherry Hill, 110 F.App'x 272, 278 (3d Cir. 2004) (quoting DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating a municipality and its police department as a single entity for purposes of Section 1983 liability). Accordingly, I will dismiss with prejudice the Pen Argyl Police Department as a defendant in this action.

Next, I note that this complaint is time-barred. The statute of limitations for Section 1983 claims arising out of conduct in Pennsylvania is two years, and begins to run on the date that the cause of action accrues. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); see also 42 Pa. Cons. Stat. Ann. § 5524. A cause of action accrues when the plaintiff knew or should have known of the injury upon which the cause of action is based. Id. at 634-635. Here, the police officer's conduct of which Mr. Blasi complains

occurred in April 2011.  He was found guilty of the charge in November 2011.  Mr. Blasi brought this action on March 6, 2014, and filed his complaint on July 25, 2014, well over the two year statute of limitations.  Because the defendants do not challenge the complaint's timeliness, I would typically refrain from finding the complaint time-barred. See Robinson v. Johnson, 313 F.3d 128, 133 (3d Cir. 2002) (an affirmative defense such as the statute of limitations may be raised in a motion to dismiss where it is apparent from the face of the complaint that the cause of action is untimely); see also Drennen v. PNC Bank Nat'l Assoc., 622 F.3d 275, 292 (3d Cir. 2010) (because a statute of limitations is an affirmative defense, "the burden of establishing its applicability to a particular claim rests with the defendant"); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (failure to meet the limitations period is an affirmative defense that must generally be pleaded and proved by the defendants).  However, the Supreme Court observed in Jones v. Bock that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." 549 U.S. 199, 215 (2007).  Further, the Court of Appeals for the Third Circuit recently reviewed the timeliness of a Section 1983 complaint and held: "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" Cruz v. SCI-SMR Dietary Services, 566 F.App'x 158, 160 (3d Cir. 2014) (quoting Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).

     Here, Mr. Blasi was aware of his "injury" in April 2011 upon receipt of the citation for animal cruelty, yet he filed his complaint in March 2014.  His failure to file

the complaint within the two year statute of limitations is obvious from the face of the complaint, and the record requires no further development. Accordingly, I will dismiss this complaint as time-barred. Further, I find that permitting amendment of the complaint would be futile given its untimeliness. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (a district court should generally provide a *pro se* plaintiff with leave to amend unless amendment would be inequitable or futile).

Nevertheless, even if this complaint were not time-barred, I would still dismiss it for failure to state a claim. It is well-settled that there is no vicarious liability under Section 1983, and a municipality cannot be held liable solely because of the malfeasance of one of its employees. Monell v. New York Department of Social Services, 436 U.S. 658, 693 (1978). For the Borough to be liable, Mr. Blasi must have asserted that an actual policy or custom of the Borough was the cause of the racial discrimination. Id.

Rule 8(a)(2) of the Federal Rules of Civil Procedure articulates the liberal notice pleading requirements in the federal courts, and simply requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim. Conley v. Gibson, 355 U.S. 41, 47-48 (1957); see also Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001). The same liberal notice pleading requirements apply to Section 1983 civil rights cases as to all other cases filed in federal court. Leatherman v. Tarrant County, 507 U.S. 163, 167-68 (1993) (holding that a federal court may not apply a heightened pleading standard in Section 1983 civil rights

9

cases filed against municipalities). A civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged violation. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (holding plaintiff's § 1983 retaliation claim against state attorney general "utterly failed to meet the liberal notice pleading standard" where there were no facts alleged connecting the defendant to the alleged wrongdoing).

In order to recover from a municipality under Section 1983, a plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). A municipal policy, for purposes of Section 1983, is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers. Monell, 436 U.S. at 690; see also Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict). Such a policy generally implies a course of action consciously chosen from among various alternatives. Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Limiting liability to identifiable policies ensures that municipalities are only liable for "deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Brown, 520 U.S. at 403-404.

A custom, while not formally adopted by the municipality, may lead to liability if the "relevant practice is so widespread as to have the force of law." Id. at 404. This requirement should not be construed so broadly as to circumvent Monell: "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy..." Oklahoma City v. Tuttle, 471 U.S. at 823-824.

Alternatively, a plaintiff can also plead a Monell claim "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 387-88 (1989) (for liability to attach under a failure to train theory, a municipality's failure to train its employees must reflect a deliberate or conscious choice by the municipality such that one could call it a policy or custom). In order for a municipality's failure to train to be actionable under § 1983, however, it must amount to "deliberate indifference" to the rights of the persons with whom police officers come into contact, and it must be shown to be a part of city policy. Id. at 389-390. Our liberal notice pleading standard will not be satisfied by a mere allegation that a training program represents a policy for which a municipality is responsible, but rather, the focus must be on whether the program is adequate to the tasks the particular employees must perform. Id.

Here, Mr. Blasi's complaint fails to include any allegations or facts to support a claim of municipal liability against Pen Argyl. There are no allegations that the citation issued against Mr. Blasi was due to a municipal policy or custom which would have endorsed Officer Hoadley's conduct. The complaint lacks any specific factual allegations

11

referencing the conduct, time, place, and persons responsible for any official municipal policy or custom endorsing the police officers' conduct. Evancho v. Fisher, 423 F.3d at 353. Further, the complaint fails to allege that the Borough's training program for its police officers is inadequate, or to suggest how the Borough of Pen Argyl evinced deliberate indifference to Mr. Blasi's rights. It is imperative that a plaintiff aver some, even if not yet detailed, facts to support a claim. See FED.R.CIV.P. 11(b)(3) (claims asserted must have evidentiary support or, if specifically so identified, should have evidentiary support after a reasonable opportunity for further investigation or discovery). Mr. Blasi only alleges that Officer Hoadley issued a citation against Mr. Blasi for animal cruelty and that Officer Hoadley took that action solely based on Mr. Blasi's mixed-race family or retaliation.

Even if Mr. Blasi had properly and timely asserted his claim as one pursuant to Section 1983, he has failed to plead any facts which establishes a viable Monell claim against the Borough. Accordingly, if the complaint were not time-barred, I would still grant the defendants' motion to dismiss in its entirety.

An appropriate Order follows.